The Federal Land Bank of Baltimore, Plaintiff and Appellant, v. Ramón Echeandía, Defendant and Appellee.

No. 6788. Argued February 19, 1935.—Decided April 3, 1935.

*Frank Martínez* and *E. Campos del Toro* for appellant. The appellee did not appear.

Mr. Justice Aldrey delivered the opinion of the court.

The Federal Land Bank of Baltimore brought, in the District Court of Arecibo, an action of unlawful detainer against Ramón Echeandía. The defendant was summoned but failed to appear, and the court, on its own motion, rendered judgment dismissing the complaint on the ground that the same did not state facts sufficient to constitute a cause of action. In this appeal taken by the plaintiff, the defendant has not appeared.

The plaintiff sold to the defendant, by a private document dated June 29, 1933, the property described in its complaint, for the sum of $5,000, $250 of which it received in cash, the purchaser binding himself to pay the remainder in several installments of $250 each, the first installment payable on December 29 of the same year; and he also constituted a mortgage for twenty years and another for ten, payable in twenty and ten annual installments, respectively. The first installment, which matured on December 29, 1933, was not paid by the purchaser, and on June 19, 1934, the complaint in this action of unlawful detainer was filed. It was alleged therein, besides the facts already stated, that it was agreed in the contract of sale that if the purchaser failed to pay any installment, the vendor would be entitled to consider the entire balance of the price remaining unpaid as due and payable immediately, and to proceed to the specific performance of the contract or to cancel or rescind the same, retaining all the payments that might have been made, regardless of their character, by way of penalty as liquidated damages; and that in the event the vendor elected to rescind the contract, the purchaser bound himself to relinquish the possession of the property together with any improvements

made thereon, including new buildings, on formal demand of the vendor and to renounce all right of title or possession of the property if the vendor exercised its right to rescind the contract. It was further alleged that, as the defendant had defaulted in the payment of the installment of December, 1933, the plaintiff, availing itself of the stipulations of the contract, declared it rescinded on May 16, 1934, and made demand upon the purchaser to relinquish the possession of the property, which he refused to do; and that the defendant continues to occupy the property without any right or title, withholding possession of the premises and enjoying the same at sufferance without paying any rent or compensation whatsoever.

The lower court concluded that it is for the courts to declare a contract rescinded for nonperformance of the agreement by either of the contracting parties.

The stipulations of the contract entered into by the parties to this suit show that it contains reciprocal obligations —that of the vendor consisting in delivering his property to the purchaser, and that of the purchaser, in paying the agreed purchase price, in the stipulated installments. The plaintiff fulfilled its obligation by delivering the property to the defendant, who is in possession thereof, but, as it alleged in the complaint, Ramón Echeandía did not fulfill his, having defaulted in the payment of the first of the installments which he was bound to pay. The reciprocal nature of that contract is very clearly shown. With respect to reciprocal óbligations, the Civil Code (1930 edition) provides as follows:

"Section 1077.—The right to rescind the obligations is considered as implied in mutual ones, in case one of the obliged persons does not comply with what is incumbent upon him.

"The person prejudiced may choose between exacting the fulfilment of the obligation or its rescission, with indemnity for damages and payment of interest in either case. He may also demand the rescission, even after having requested its fulfilment, should the latter appear impossible.

"The court shall order the rescission demanded, unless there are sufficient causes authorizing it to fix a period.

"This is understood without prejudice to the rights of third acquirers, in accordance with sections 1247 and 1250, and with the provisions of the mortgage law."

In the instant case no rights of third persons are involved.

That section does not say that the person entitled to rescind a contract must necessarily apply to a court for that purpose. What is set forth therein is that the court shall decree the rescission demanded, but not that it is necessary to resort thereto in order to obtain a declaration of rescission. The Supreme Court of Spain, in its judgment of June 19, 1913, 127 *Jurisprudencia Civil* 835, has held that upon the nonperformance of a contract, it is clear that, in accordance with section 1124 of the Civil Code, which is identical with section 1077 of our Code, the contract may be considered as impliedly or tacitly rescinded without the need of any previous declaration of the courts. Apart from this, it appears that in the instant case it was expressly agreed between the contracting parties that if the purchaser failed to pay any of the stipulated installments, the vendor would have the right to rescind the contract, the purchaser binding himself to deliver the property that was sold to him; and that the vendor declared the contract rescinded and made demand upon the defendant to vacate said property. Therefore, even though the judgment cited had not been rendered, and even though a judicial declaration of the rescission of a contract were ordinarily required, such declaration would not be necessary in view of the stipulations made by the contracting parties, since, according to section 4 of the Civil Code, rights granted by law may be waived, provided such waiver be not contrary to law, public interest, or public order, or prejudicial to a third person. *Modus et conventio vincunt legem.* In conclusion, the plaintiff could treat, and did treat, the contract as rescinded without the necessity of having the court decree the rescission thereof.

Although it is true that the defendant took possession of the property by virtue of a contractual relation, it is also true that such relation terminated by the act of the defendant when, upon the latter's default, the vendor elected to consider the contract entered into between them as rescinded, and demand was made upon the defendant to vacate the property as he bound himself to do in such case, waiving every right of title or possession. Consequently, since that time, the defendant is holding the property without any title whatsoever; he is unlawfully detaining it. *People* v. *Giorgetti & Co., Ltd.*, 46 P.R.R. 59.

For the foregoing reasons, the complaint states facts sufficient to constitute the cause of action of unlawful detainer exercised by the plaintiff, and therefore the judgment appealed from must be reversed, and the proceedings continued in the lower court.

Mr. Justice Hutchison concurs in the result.